**EXHIBIT A**

ELECTRONICALLY FILED
7/16/2015 11:45 AM
2015-L-007231
CALENDAR: A
PAGE 1 of 9
CIRCUIT COURT OF
COOK COUNTY, ILLINOIS
LAW DIVISION
CLERK DOROTHY BROWN

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT – LAW DIVISION**

| | |
|---|---|
| MARY MIZERK,<br><br>       *Plaintiff*,<br><br>v.<br><br>LASALLE FLOWERS, INC.; and 731<br>LASALLE LLC,<br><br>       *Defendants*. | Case No. _____<br><br><br>**COMPLAINT** |

Plaintiff Mary Mizerk, by and through the undersigned counsel, brings this action against Defendants LaSalle Flowers, Inc., an Illinois business corporation; and 731 LaSalle LLC, an Illinois limited liability company, for violations of the Americans With Disabilities Act, 42 U.S.C. § 12181, *et seq.* (the "ADA") and its implementing regulations, and the Illinois Human Rights Act, 775 ILCS 5/1-101, *et seq.* (the "IHRA") and alleges as follows:

### INTRODUCTION

1.　　Plaintiff brings this civil rights action against Defendants for failing to design, construct, and/or own or operate facilities that are fully accessible to, and independently usable by, persons with disabilities. Defendants have failed to remove architectural barriers at the retail shop known as "La Salle Flowers", even though such removal is readily achievable.

2.　　The violations alleged in this complaint occurred at the retail flower shop known as "La Salle Flowers", located at 731 N La Salle Drive, Chicago, IL 60654.

3.　　Defendants' failure to provide equal access to "La Salle Flowers" violates the mandates of the ADA and IHRA to provide full and equal enjoyment of a public accommodation's goods, services, facilities, privileges, and advantages.

4.　　Defendants' conduct constitutes an ongoing and continuous violation of the law. Defendant LaSalle Flowers, Inc. was given advance notice that its facilities contained accessibil-

ity barriers through a letter sent on May 13, 2015, prior to the initiation of the instant suit for re-lief. Despite being given notice, Defendants have failed to take any prompt and equitable steps to remedy the discriminatory barriers at their facilities.

5.    Accordingly, Plaintiff seeks a declaration that Defendants' facilities violate feder-al law and an injunction requiring Defendants to make modifications to the facilities so that they are fully accessible to, and independently usable by, individuals with disabilities. Plaintiff further requests that the Court retain jurisdiction over this matter for a period to be determined to ensure that Defendants continue to comply with the requirements of the ADA and IHRA.

ELECTRONICALLY FILED
7/16/2015 11:45 AM
2015-L-007231
PAGE 2 of 9

## JURISDICTION AND VENUE

6.    This is an action for declaratory and injunctive relief, pursuant to Title III of the ADA, and for damages, civil penalties, and injunctive relief pursuant to the IHRA. This Court has concurrent jurisdiction over the federal cause of action and has original jurisdiction over the state cause of action pursuant to 775 ILCS 5/10-102.

7.    Venue in this judicial district is proper pursuant to 735 ILCS 5/2-101 because De-fendants are located and transact business within this judicial district and have sufficient contacts to be subject to personal jurisdiction in this judicial district, and because this is the judicial dis-trict in which the acts and omissions giving rise to the claims occurred.

## PARTIES

8.    Plaintiff Mary Mizerk is a resident of the city of Chicago, Illinois. Plaintiff Miz-erk suffers from, and all times relevant hereto has suffered from, a legal disability as defined by the ADA, 42 U.S.C. § 12102(2), and the IHRA, 775 ILCS 5/1-103(I).

9.    Plaintiff Mary Mizerk suffers from osteoarthritis. She is substantially limited in performing several major life activities, including but not limited to walking and standing. She is required to use wheelchair for mobility. As a person with a disability, she has a personal interest in having full and equal access to places of public accommodation and to the goods, services, facilities, privileges, advantages or other things offered therein.

- 2 -

10.     Defendant LaSalle Flowers, Inc., an Illinois business corporation, is the operator of the real property and improvements which are the subject of this action, the retail flower shop, "La Salle Flowers", a place of public accommodation within the meaning of the ADA and ILCS, located at the street address of 731 N La Salle Drive, Chicago, IL 60654.

11.     Defendant 731 LaSalle LLC, an Illinois limited liability company, is the owner of the real property and improvements which are the subject of this action, the retail flower shop, "La Salle Flowers", a place of public accommodation within the meaning of the ADA and ILCS, located at the street address of 731 N La Salle Drive, Chicago, IL 60654.

## FACTUAL BACKGROUND

ELECTRONICALLY FILED
7/16/2015 11:45 AM
2015-L-007231
PAGE 3 of 9

12.     On or around May 6, 2015, Plaintiff Mizerk attempted to visit "La Salle Flowers", which is located approximately three city blocks from her apartment.

13.     Upon arrival, Plaintiff Mizerk could not find an accessible entrance.

14.     The doorway at the front entrance to "La Salle Flowers" was approximately five inches above the sidewalk level. A photograph in Exhibit A to this Complaint shows the doorway of the entrance to "La Salle Flowers".

15.     No signage indicated the existence of an accessible entrance or a route to an accessible entrance from the inaccessible front entrance.

16.     In light of the architectural barriers at "La Salle Flowers", Plaintiff Mizerk is deterred from visiting "La Salle Flowers" in the future. She is unable to enter "La Salle Flowers". Plaintiff Mizerk would like to be able to patronize "La Salle Flowers", but these architectural barriers deter her from doing so. She plans to return and patronize "La Salle Flowers" when she learns that the premises have been made fully accessible to persons who use wheelchairs for mobility.

17.     Plaintiff Mizerk attempted to access Defendants' premises, but could not do so independently on a full and equal basis because of her disabilities, due to the physical barriers to access and violations of the ADA and IHRA that exist at Defendants' premises. As a result of Defendants' non-compliance with the ADA and IHRA, Plaintiff Mizerk cannot independently

access the facilities and/or is excluded from full and equal enjoyment of the goods, services, privileges, advantages, and/or accommodations offered therein.

ELECTRONICALLY FILED
7/16/2015 11:45 AM
2015-L-007231
PAGE 4 of 9

## FACT ALLEGATIONS

18.    Defendants have discriminated against Plaintiff Mizerk on the basis of her disabilities by failing to comply with the requirements of the ADA, the Americans With Disabilities Act Accessibility Guidelines (the "ADAAG") and the ILCS with regard to "La Salle Flowers". A specific, though not exclusive, list of unlawful physical barriers and violations present at "La Salle Flowers" which limit the ability of persons in wheelchairs to access the facilities and/or to enjoy the goods, services, privileges, advantages and/or accommodations offered therein on a full and equal basis, includes the following:

a.    "La Salle Flowers" does not have an accessible public entrance, in violation of ADAAG 206.4.1.

b.    The "La Salle Flowers" public entrance has a change in level greater than half an inch but does not have a ramp, in violation of ADAAG 404.2.5 and 303.4.

c.    To the extent that "La Salle Flowers" has an accessible entrance, the entrance is not marked as accessible, in violation of ADAAG 216.6.

d.    To the extent that "La Salle Flowers" has an accessible entrance, the route from the inaccessible entrance to the accessible entrance (if any), is not marked with directional signage, in violation of ADAAG 216.6

19.    The above listing is not to be considered all-inclusive of the barriers and violations of the ADA and ILCS encountered by Plaintiff or which exist at "La Salle Flowers".

20.    In order to fully remedy the discriminatory conditions, Plaintiff requires an inspection of "La Salle Flowers" in order to photograph and measure all such barriers to access and violations of the ADA, the ADAAG and the ILCS.

21.    Compliance with the ADA standards and the ADAAG is required by 42 U.S.C § 12182(b)(2)(A)(iv) because removal of architectural barriers is readily achievable. Compliance with the ADA standards and the ADAAG is readily achievable by Defendants due to the lack of

difficulty and low cost of remedying the above-listed barriers. Some of the above-listed viola-

tions can be remedied through the same measures prescribed by federal regulation as examples

of modifications that are "readily achievable", including, but not limited to, installing ramps. 28

C.F.R. § 36.304(b). Even if installing a permanent ramp would not be readily achievable, De-

fendants could comply with federal standards by employing a portable ramp. § 28 C.F.R.

36.304(e).

22.     As a person with a disability, Plaintiff Mizerk has a personal interest in having

full and equal access to places of public accommodation and to the goods, services, facilities,

privileges, advantages or other things offered therein.

23.     Without injunctive relief, Defendants' failure to remove accessibility barriers will

continue to cause injury to Plaintiff, who will continue to be deterred from patronizing the facili-

ty and will continue to be unable to independently access "La Salle Flowers" and/or to enjoy the

goods, services, privileges, advantages and/or accommodations offered therein on a full and

equal basis, in violation of her rights under the ADA.

ELECTRONICALLY FILED
7/16/2015 11:45 AM
2015-L-007231
PAGE 5 of 9

## FIRST CAUSE OF ACTION
### Violations of the Americans with Disabilities Act, 42 U.S.C. §§ 12101 *et seq.*

24.     Plaintiff incorporates and realleges the above paragraphs.

25.     Section 302(a) of Title III of the ADA, 42 U.S.C. §§ 12101 *et seq.*, provides:

> No individual shall be discriminated against on the basis of disabil-
> ity in the full and equal enjoyment of the goods, services, facilities,
> privileges, advantages, or accommodations of any place of public
> accommodation by any person who owns, leases (or leases to), or
> operates a place of public accommodation.

26.     Under Section 302(b)(1) of Title III of the ADA, it is unlawful discrimination to

deny individuals with disabilities an opportunity to participate in or benefit from the goods, ser-

vices, facilities, privileges, advantages, or accommodations that is equal to the opportunities af-

forded to other individuals.

27. Defendants have discriminated against Plaintiff and others in that they failed to make their place of public accommodation fully accessible to persons with disabilities on a full and equal basis in violation of 42 U.S.C. § 12182(a) and the regulations promulgated thereunder, including the ADAAG, as described above. Plaintiff Mizerk has been denied full and equal access to "La Salle Flowers" and/or has been denied the opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations on a full and equal basis.

28. Defendants have failed to take any prompt and equitable steps to remedy their discriminatory conduct. Defendants' violations of the ADA and ADAAG are ongoing.

29. Defendants have failed to remove architectural barriers to full and equal access by Plaintiff Mizerk, even though removing the barriers is readily achievable.

30. Plaintiff Mizerk plans to visit "La Salle Flowers" again in the near future. Plaintiff is without adequate remedy at law, has suffered and is suffering irreparable harm, and reasonably anticipates that she will continue to suffer irreparable harm upon her planned return visit to "La Salle Flowers" unless and until Defendants are required to remove the physical barriers to access and ADA violations that exist at Defendants' place of public accommodation, including those set forth specifically herein.

31. This Court has authority under 42 U.S.C. § 12188 to grant Plaintiff injunctive relief, including an order requiring Defendants to make "La Salle Flowers" readily accessible to and independently usable by individuals with disabilities to the extent required by the ADA and ADAAG, and/or to close "La Salle Flowers" until such time as Defendants cure the access barriers.

32. Plaintiff has retained the undersigned counsel for the filing and prosecution of this action, and is entitled to recover reasonable attorneys' fees, litigation expenses and costs from Defendants, pursuant to 42 U.S.C. §§ 12205, 12117, and 28 C.F.R. § 36.505.

ELECTRONICALLY FILED
7/16/2015 11:45 AM
2015-L-007231
PAGE 6 of 9

## SECOND CAUSE OF ACTION
### Violations of the Illinois Human Rights Act, 775 ILCS 5/1-101 *et seq.*

33.     Plaintiff incorporates and realleges the above paragraphs.

34.     775 ILCS 5/5-102 provides:

> It is a civil rights violation for any person on the basis of unlawful discrimination to: Deny or refuse to another the full and equal enjoyment of the facilities, goods, and services of any public place of accommodation.

35.     Defendants have discriminated against Plaintiff and others in that they failed to make their place of public accommodation fully accessible to persons with disabilities on a full and equal basis in violation of the IHRA, as described above. Plaintiff Mizerk has been denied full and equal access to "La Salle Flowers" and/or has been denied the opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations on a full and equal basis.

36.     Defendants have failed to take any prompt and equitable steps to remedy their discriminatory conduct. Defendants' violations of the IHRA are ongoing.

37.     Defendants have failed to remove architectural barriers to full and equal access by Plaintiff Mizerk, even though removing the barriers is readily achievable.

38.     Plaintiff Mizerk plans to visit "La Salle Flowers" again in the near future. Plaintiff is without adequate remedy at law, has suffered and is suffering irreparable harm, and reasonably anticipates that she will continue to suffer irreparable harm upon her planned return visit to "La Salle Flowers" unless and until Defendants are required to remove the physical barriers to access and ADA violations that exist at Defendants' place of public accommodation, including those set forth specifically herein.

39.     This Court has authority under the IHRA to grant Plaintiff injunctive relief, including an order requiring Defendants to make "La Salle Flowers" readily accessible to and independently usable by individuals with disabilities to the extent required by the IHRA, and/or to close "La Salle Flowers" until such time as Defendants cure the access barriers.

ELECTRONICALLY FILED
7/16/2015 11:45 AM
2015-L-007231
PAGE 7 of 9

40.     Plaintiff has retained the undersigned counsel for the filing and prosecution of this action, and is entitled to recover reasonable attorneys' fees, litigation expenses and costs from Defendants, pursuant to 775 ILCS 5/10-102.

**WHEREFORE**, Plaintiff respectfully requests:

ELECTRONICALLY FILED
7/16/2015 11:45 AM
2015-L-007231
PAGE 8 of 9

    a. That the Court issue a Declaratory Judgment that determines that Defendants' facilities, at the commencement of the instant suit, are in violation of Title III of the ADA, 42 U.S.C. § 12181, *et seq.*, and the relevant implementing regulations including the ADAAG, and the IHRA.

    b. That the Court issue a permanent injunction, pursuant to 42 U.S.C. § 12188(a)(2), 28 C.F.R. § 36.504(a) and 775 ILCS 5/10-102 enjoining Defendants from continuing their discriminatory practices, including an order directing Defendants to make all readily achievable alterations to their facilities so as to remove physical barriers to access and make their facilities fully accessible to and independently usable by individuals with disabilities to the extent required by the ADA and the IHRA; and also including an order requiring Defendants to make all reasonable modifications in policies, practices or procedures necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities on a full and equal basis.

    c. That the Court award Plaintiff actual and punitive damages to be paid by Defendants pursuant to 775 ILCS 5/10-102(C)(1).

    d. That the Court award Plaintiff her reasonable attorneys' fees, litigation expenses, and costs of suit pursuant to 42 U.S.C. § 12205, 28 C.F.R. § 36.505 and 775 ILCS 5/10-102(C)(2), or as otherwise provided by law; and

    e. That the Court issue such other relief as it deems just and proper, and/or is allowable under Title III of the ADA or the IHRA.

DATED: July 16, 2015

/s/ John Steele
John L. Steele (# 44190)
ACCESSIBILITY LAW GROUP
500 Michigan Avenue, Suite 600
Chicago, Illinois 60611
E-mail: jsteele@accessibilitylawgroup.com
Phone: (312) 396-4154

ELECTRONICALLY FILED
7/16/2015 11:45 AM
2015-L-007231
PAGE 9 of 9

ELECTRONICALLY FILED
7/16/2015 11:45 AM
2015-L-007231
CALENDAR: A
PAGE 1 of 2
CIRCUIT COURT OF
COOK COUNTY, ILLINOIS
LAW DIVISION
CLERK DOROTHY BROWN

# EXHIBIT A



ELECTRONICALLY FILED
7/16/2015 11:45 AM
2015-L-007231
PAGE 2 of 2

| | |
|---|---|
| 2120 - Served | 2121 - Served |
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |
| ☑ SUMMONS | ☐ ALIAS - SUMMONS | (2/18/11) CCG N001 |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, _____LAW_____ DIVISION

MARY MIZERK
_____
(Name all parties)

v.

LASALLE FLOWERS, INC.
_____

No. 2015-L-007231
----------------------------

Defendant Address:

LASALLE FLOWERS. INC.
731 N. LASALLE FLOWER SHOP
CHICAGO. IL 60654

### Summons

To each Defendant:     ☑ SUMMONS          ☐ ALIAS - SUMMONS

**YOU ARE SUMMONED** and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☑ **Richard J. Daley Center, 50 W. Washington, Room** _____801_____ **,Chicago, Illinois 60602**

| | | |
|---|---|---|
| ☐ **District 2 - Skokie**<br>5600 Old Orchard Rd.<br>Skokie, IL 60077 | ☐ **District 3 - Rolling Meadows**<br>2121 Euclid<br>Rolling Meadows, IL 60008 | ☐ **District 4 - Maywood**<br>1500 Maybrook Ave.<br>Maywood, IL 60153 |
| ☐ **District 5 - Bridgeview**<br>10220 S. 76th Ave.<br>Bridgeview, IL 60455 | ☐ **District 6 - Markham**<br>16501 S. Kedzie Pkwy.<br>Markham, IL 60426 | ☐ **Child Support**<br>28 North Clark St., Room 200<br>Chicago, Illinois 60602 |

**You must file within 30 days after service of this Summons, not counting the day of service.**

**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.**

**To the officer:**

**This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.**

Atty. No.: _____44190_____

Name: _____STEELE LAW FIRM LLC_____

Atty. for: _____MARY MIZERK_____

Address: _____161 N CLARK #3200_____

City/State/Zip: _____CHICAGO, IL 60601_____

Telephone: _____(312) 893-5888_____

**WITNESS,** _Thursday, 16 July_ _____, 2015

_____
/s DOROTHY BROWN
Clerk of Court

Date of service: _____, _____

**(To be inserted by officer on copy left with defendant or other person)**

Service by Facsimile Transmission will be accepted at: _____

                    **(Area Code)          (Facsimile Telephone Number)**

**/s DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

| | |
|---|---|
| 2120 - Served | 2121 - Served |
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |
| ☑ SUMMONS | ☐ ALIAS - SUMMONS | (2/18/11) CCG N001 |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, _____ LAW _____ DIVISION

MARY MIZERK

**(Name all parties)**

v.

731 LASALLE LLC

No. 2015-L-007231
---------------------------

**Defendant Address:**

731 LASALLE LLC
122 W. SUPERIOR ST.
CHICAGO. IL 60654

**Summons**

**To each Defendant:**    ☑ SUMMONS          ☐ ALIAS - SUMMONS

        **YOU ARE SUMMONED** and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☑ Richard J. Daley Center, 50 W. Washington, Room _____ 801 _____ ,Chicago, Illinois 60602

☐ **District 2 - Skokie**
5600 Old Orchard Rd.
Skokie, IL 60077

☐ **District 3 - Rolling Meadows**
2121 Euclid
Rolling Meadows, IL 60008

☐ **District 4 - Maywood**
1500 Maybrook Ave.
Maywood, IL 60153

☐ **District 5 - Bridgeview**
10220 S. 76th Ave.
Bridgeview, IL 60455

☐ **District 6 - Markham**
16501 S. Kedzie Pkwy.
Markham, IL 60426

☐ **Child Support**
28 North Clark St., Room 200
Chicago, Illinois 60602

**You must file within 30 days after service of this Summons, not counting the day of service.**

**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.**

**To the officer:**

    This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

Atty. No.: _____ 44190 _____

Name: _____ STEELE LAW FIRM LLC _____

Atty. for: _____ MARY MIZERK _____

Address: _____ 161 N CLARK #3200 _____

City/State/Zip: _____ CHICAGO, IL 60601 _____

Telephone: _____ (312) 893-5888 _____

**WITNESS,** Thursday, 16 July _____, 2015

/s DOROTHY BROWN
Clerk of Court

Date of service: _____, _____
**(To be inserted by officer on copy left with defendant or other person)**

Service by Facsimile Transmission will be accepted at: _____

**(Area Code)          (Facsimile Telephone Number)**

**/s DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**